UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-cv-81111

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD H. CULLIFER, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

1. The United States brings this action to collect unpaid transferee tax liability assessed against Defendant Richard H. Cullifer for the tax period ending September 30, 2004.

2. This action is authorized by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States of America, in accordance with 26 U.S.C. § 7401.

3. This Court has jurisdiction of this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1396 because the defendant resides within this district.

5. Mr. Cullifer works as a "real estate professional" according to his most recent federal income tax return.

6. In 1994, Mr. Cullifer became an officer and director of a company called Neches Industrial Park, Inc. ("Neches").

7. In 1996, Mr. Cullifer became Neches' sole officer and director and a 50% shareholder of the corporation.

8. On June 1, 2004, Neches entered into a purchase and sale agreement to sell all its operational and intangible assets.

9. Effective June 30, 2004, Mr. Cullifer became the sole shareholder of Neches.

10. In August 2024, Mr. Cullifer sold all of Neches' stock.

11. In 2007 and 2008, the IRS investigated Neches' taxable years ended September 30, 2003, and September 30, 2004.

12. On April 8, 2008, the IRS mailed Neches a notice of deficiency, which disallowed a deduction of management fees, a deduction for professional fees, and a bad debt loss.

13. Neches did not respond to the examination, nor did it file a petition with the Tax Court in response to the notice of deficiency.

14. On August 6, 2008, the IRS assessed the tax and penalties set forth in the notice of deficiency issued to Neches.

15. After mostly unsuccessful efforts to collect the outstanding tax, the IRS determined Neches' tax liabilities to be uncollectable outstanding accounts.

16. On January 6, 2009, the IRS sent Mr. Cullifer a letter informing him that the IRS was conducting a transferee liability examination of him concerning Neches' tax liabilities for the years at issue.

17. On June 2, 2011, IRS sent Mr. Cullifer a notice of liability.

18. On August 31, 2011, Mr. Cullifer timely filed a petition with the Tax Court pursuant to 26 U.S.C. § 6212 disputing his liability as a transferee of the assets of Neches.

19. On October 7, 2014, the Tax Court issued a memorandum opinion holding Mr. Cullifer was liable as a transferee pursuant to 26 U.S.C. § 6901 for Neches' tax liabilities for the taxable years ended September 30, 2003, and September 30, 2004. The Tax Court entered final judgment on May 13, 2015.

20. As part of its final judgment the Tax Court authorized the IRS to recover transferor deficiency interest.

21. On August 7, 2015, Mr. Cullifer timely appealed the Tax Court's decision to the Court of Appeals for the Eleventh Circuit. He did not post a bond pursuant to 26 U.S.C. § 7485(a) to stay assessment and collection of the liability while his appeal was pending.

22. In accordance with 26 U.S.C. §§ 6201(a)(1) and 6901, a delegate of the Secretary of the Treasury assessed Mr. Cullifer's transferee tax liabilities for the tax periods ending September 30, 2003, and September 30, 2004, including accuracy-related penalties pursuant to 26 U.S.C. § 6662 and transferor deficiency

interest as authorized by the Tax Court. Those assessments were made on the dates and in the amounts shown in the table below:

| Neches' Tax Year | Assessment Date | Tax | Penalty | Transferor Deficiency Interest |
|---|---|---|---|---|
| 9/30/2003 | 09/08/2015 | $126,294.00 | $50,518.00 | $73,422.76 |
| 9/30/2004 | 09/08/2015 | $6,333,664.00 | $2,478,463.00 | $1,759,646.80 |

23. On May 31, 2016, the Eleventh Circuit affirmed the decision of the Tax Court.

24. The United States generally has 10 years from the assessment date to bring a proceeding in court to collect an unpaid tax. 26 U.S.C. § 6502. The tax assessments described above were made on September 8, 2015. Thus, the United States must file its complaint on or before September 8, 2025.

25. On July 18, 2025, the IRS levied $970,570.78 from Mr. Cullifer, which satisfied Mr. Cullifer's liability for the calendar quarter ending September 30, 2003.

26. A delegate of the Secretary of the Treasury gave Mr. Cullifer written notice of the liabilities described above and made demand for payment as provided by law. Despite notice of his liabilities and demand for payment, Mr. Cullifer has failed to satisfy his assessed liabilities for the calendar quarter ending September 30, 2004.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court:

(a) Enter judgment in favor of the United States and against Richard Cullifer for his unpaid transferee liabilities under 26 U.S.C. § 6901, plus statutory interest as provided by law, less payments made; and

(b) Award any other relief that may be available under the law.

Dated: September 8, 2025             Respectfully submitted,

By: **/s/ Bensen V. Solivan**
Bensen V. Solivan
Special Bar No. A5503055
Massachusetts Bar No. 657364
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-8031
E-Mail: Bensen.Solivan@usdoj.gov
*Counsel for the United States of America*

*Of Counsel:*

Jason A. Reding Quiñones
United States Attorney
Southern District of Florida